**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

    vs.                                                              7:23-CR-161
                                                                                       (MAD)

**DIONISIO FIGUEROA,** *also known as Dionicio*; **and TELESFORO DEL VALLE, JR.,** *also known as Ted*,
                                **Defendants.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**OFFICE OF THE UNITED**                               **ANDREW ROHRBACH, AUSA**
**STATES ATTORNEY**                                    **FRANK J. BALSAMELLO, AUSA**
1 St. Andrew's Plaza                                   **JARROD L. SCHAEFFER, AUSA**
New York, New York 10007
Attorneys for the Government

**ADAMS & COMMISSIONG LLP**                            **KARLOFF COMMISSIONG, ESQ.**
65 Broadway, Ste. 1603
New York, New York 10006
Attorneys for Defendant Figueroa

**LAW OFFICES OF MURRAY RICHMAN**                      **MURRAY RICHMAN, ESQ.**
2027 Williamsbridge Road, 3rd Floor
Bronx, New York 10461
Attorneys for Defendant Del Valle

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On April 5, 2023, Attorney Karloff Commissiong submitted a letter request and financial affidavit for Defendant Dionisio Figueroa. In the letter request, Mr. Commissiong, who appeared for Defendant Figueroa at his initial appearance as retained counsel, asks the Court to find that Defendant Figueroa is financially eligible for CJA counsel and that Mr. Commissiong be appointed as his CJA counsel in the interests of judicial economy.

Before the Court makes any decision regarding these requests, Mr. Commissiong is directed to file a notice of appearance on the docket or make a motion to withdraw as counsel as directed by the Pre Trial Order.  Second, Mr. Commissiong is directed to submit a financial affidavit that is actually signed by Defendant Figueroa (as opposed to an electronic signature affixed by Mr. Commissiong).  Upon receipt of the properly executed financial affidavit, the Court will determine whether Defendant Figueroa is financially eligible for court-appointed counsel.

One final note, it is well settled that, when an individual applies for court-appointed counsel, that individual is generally not entitled to the counsel of his choosing.  Generally, the Court will appoint the Federal Defender's Office as counsel, unless some conflict would prevent them from taking the case.  If the Federal Defender's Office is unavailable, the individual would then be appointed randomly assigned CJA counsel pursuant to the Southern District's established procedures.  *See United States v. Parker*, 439 F.3d 81, 105 (2d Cir. 2006) ("The 'fully retained' inquiry protects these rules by preventing attorneys from using their initial appearances as retained counsel to secure CJA appointments outside the Plan and by preventing defendants from entering unrealistic retainer agreements to circumvent the Plan's prohibition against selection of a particular CJA attorney").  While there may be instances where it is in the interests of judicial economy to permit a formerly retained attorney to continue with a case as CJA counsel, the Court is unlikely to find that this is such a unique case given the early stages of this case and given the charges set forth in the indictment.

**IT IS SO ORDERED.**

Dated: April 6, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge