**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       vs.                                                        7:23-CR-161 (MAD)

**DIONISIO FIGUEROA,** *also known as Dionicio*,

                           **Defendants.**

---

**APPEARANCES:**                                  **OF COUNSEL:**

**OFFICE OF THE UNITED**              **ANDREW ROHRBACH, AUSA**
**STATES ATTORNEY**                     **FRANK J. BALSAMELLO, AUSA**
1 St. Andrew's Plaza                       **JARROD L. SCHAEFFER, AUSA**
New York, New York 10007            **STEPHANIE SIMON, AUSA**
Attorneys for the Government

**OFFICE OF THE FEDERAL**           **PAUL J. EVANGELISTA, AFPD**
**PUBLIC DEFENDER – NDNY**        **JEREMY B. SPORN, AFPD**
54 State Street
Ste 310
Albany, New York 12207
Attorneys for Defendant Figueroa

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Defendant Dionisio Figueroa ("Defendant") is charged in four counts of a seven count indictment, charging him with conspiracy to bribe a public officer, federal employee bribery, receiving unauthorized compensation as a federal employee, and making false statements to law enforcement agents. Trial is scheduled to commence December 4, 2023.

      In a letter motion dated November 28, 2023, Defendant seeks to exclude a subset of emails at trial, arguing that they are hearsay not subject to any applicable exception. *See* Dkt. No. 70. The emails at issue were sent between co-defendant Del Valle and his receptionists prior to

March 2016. *See id.* at 1-2. The Government, however, contends that the emails are admissible pursuant to both the business records exception and as present sense impressions. *See* Dkt. No. 72.

As relevant here, the Government contends that the evidence at trial will show Del Valle was a practicing attorney in the Southern District of New York for approximately twenty years. *See* Dkt. No. 72 at 1. Del Valle, who was also charged in this case and has pled guilty, owned and operated his own law firm called Del Valle & Associates ("DV&A"). *See id.* Since at least 2011, Del Valle has had approximately three assistants who, among other things, answered phone calls and sent work-related messages to Del Valle. *See id.* Each assistant used the same law firm email – "tdvesq@gmail.com" (the "DV&A Email") – to sent such messages to Del Valle. *See id.* Emails sent from that account appear as messages received from "DEL VALLE & ASSOCIATES," rather than a particular individual. *See id.* As the Government expects she will explain at trial, since being hired in 2016 until the end of her employment in November 2022, Del Valle's most recent assistant, Leticia Silva, used the DV&A Email in the same manner as her predecessors. *See id.* Defendant is only challenging the admissibility of the emails sent and received prior to March 2016.

"Hearsay" is defined as "a statement that ... the declarant does not make while testifying at the current trial or hearing; and ... a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay is not admissible at trial unless permitted by a federal statute, the Federal Rules of Evidence, or other rules promulgated by the Supreme Court. *See* Fed. R. Evid. 802. Of course, there are also a number of settled exceptions to the rule against hearsay.

As relevant here, "Rule 803(6) renders admissible for its truth a record made at or near the

time by a person with knowledge if the record was 'kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum.'" *United States v. Stein*, No. 05 Cr. 888, 2007 WL 3009650, *1 (S.D.N.Y. Oct. 15, 2007); *see also* Fed. R. Evid. 803(6).  The Second Circuit has adopted "a generous view" of the business records exception, *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995), emphasizing that "Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (quoting *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000)).

Moreover, "business records may be admitted notwithstanding the unavailability of the record's author, so long as a custodian or other qualified witness testifies that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the record." *Parker v. Reda*, 327 F.3d 211, 214–15 (2d Cir. 2003) (quoting *Williams*, 205 F.3d at 34).  "A witness need not be a custodian or have personal knowledge of the actual creation of [a] document to be 'qualified' within the meaning of Rule 803(6)." *United States v. El Gammal*, 831 Fed. Appx. 539, 543 (2d Cir. 2020).  The rule requires only that the witness is "familiar with the record keeping procedures of the organization" and "understands the system." *Id.* at 543 n.10.

Separately, "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," also is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(1).  This exception applies to emails as well as other statements.  *See, e.g.*, *Hampson v. State Farm Mut. Auto Ins. Co.*, No. 1:12-cv-258, 2015 WL 12733388, *8 (N.D.N.Y. Oct. 22, 2015) ("Emails can qualify as present sense impressions or excited utterances").  "For statements to qualify as present

3

sense impressions, precise contemporaneity is not required." *United States v. Ibanez*, 328 Fed. Appx. 673, 675 (2d Cir. 2009).

As noted, the evidence Defendant challenges in his supplemental motion consists of certain messages sent over the years by Del Valle's assistants, all using the DV&A Email account, that conveyed to Del Valle contemporaneous phone messages that the assistants received on his behalf, appointment reminders, and administrative notes about work-related matters. Defendant argues that any messages predating Ms. Silva's employment are hearsay and not subject to any exception. The Court disagrees.

At trial, the Government expects that testimony from Ms. Silva will establish, among other things, that (1) she was employed as Del Valle's assistant for over six years; (2) she is familiar with DV&A's record-keeping practices and, in many cases, was personally responsible for maintaining DV&A's records; (3) she is familiar with the record-keeping practices of DV&A's prior assistants, and at times has reviewed their records; (4) as part of her duties as Del Valle's assistant, she regularly used the DV&A Email to send emails consistent with her predecessors' practices with the same email account; (5) such emails are maintained in the DV&A Email account in her regular course of DV&A's business; and (6) in the course of her duties as Del Valle's assistant, Silva at times consulted prior emails maintained in the DV&A Email account (including emails authored by a prior assistant), which allowed her to, among other things, carry on DV&A's business without disruption after her predecessors departed the firm.

Contrary to Defendant's assertion, Ms. Silva can lay a proper foundation for the documents at issue. A witness "need not have personal knowledge of the actual creation of [a] document to lay a proper foundation" for its admission as a business record. *Williams*, 205 F.3d at 34 (quoting *Phoenix Assocs. III v. Stone ("Phoenix")*, 60 F.3d 95, 101 (2d Cir. 1995)). "Nor is

there any requirement under Rule 803(6) that the records be prepared by the party who has custody of the documents and seeks to introduce them into evidence." *Phoenix*, 60 F.3d at 101; *see also Williams*, 205 F.3d at 34-35 (finding a bank official who was familiar with the bank's practice and testified that a cash advance receipt was made as part of that practice laid a sufficient foundation for admission as a business record). As the Government notes, were it otherwise, business records would continuously be rendered inadmissible whenever a custodian retired or changed jobs and that is flatly inconsistent with the Second Circuit's "generous view" of Rule 803(6). *See Strother*, 49 F.3d at 874. Instead, "all that is required is proof that it was the business entity's regular practice to get information from the person who created the document." *Phoenix*, 60 F.3d at 101-02.

As noted above, Ms. Silva is familiar with the record keeping procedures of DV&A, understands the system, and has reviewed records that predated her employment in the course of performing her own job tasks. *See El Gammal*, 831 Fed. Appx. at 543 n.10. This anticipated testimony is sufficient to establish the requisite foundation.

The mere fact that DV&A required its employees to send and receive emails, in general, does not mean that every DV&A employee email is self-authenticating. Put differently, Rule 803(6) speaks not of the medium by which a record is recorded (*e.g.*, email), but rather the content of the record itself. *See, e.g.*, *New World Trading Co. v. 2 Feet Prods., Inc.*, No. 11 CIV. 6219, 2014 WL 988475, *1 (S.D.N.Y. Mar. 13, 2014) (emails not admissible under Rule 803(6) because they "contain unique and sporadic communications, not created as a record of any regularly conducted business activity") (internal quotation marks omitted). Ms. Silva's anticipated testimony sufficiently lays the foundation to find these documents admissible under Rule 803(6).

A party seeking to introduce an email made by an employee about a business matter under the hearsay exception under Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record. Courts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails. *See Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 187-88 (E.D.N.Y. 2011). In *Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, No. 06-cv-1330, 2008 WL 1999234 (S.D. Tex. May 8, 2008), in determining whether an email constituted a business record, the court reviewed an affidavit from the principal of the company stating that an email he had prepared recounting his phone conversation directing defendant to stop work on a deal was a document made in the course of the company's regular business activity. *See id.* at *12. That representation, coupled with the statement that it was the company's regular practice to keep these records, was found by the court to satisfy Rule 803(6). *See id.* at *13. In factually similar situations, other courts have reached the same result. *See Penberg*, 823 F. Supp. 2d at 187-88; *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772-73 (D.S.C. 2004) (admitting email sales records when orders were routinely placed via email and the emails were retained as business records); *Pierre v. RBC Liberty Life Ins.*, No. 05cv1042, 2007 WL 2071829, *2 (M.D. La. July 13, 2007) (finding that emails fell within Rule 803(6) because they were prepared by employees "during the ordinary course of business"). Here, the emails all relate to regularly conducted business of DV&G, rather than personal correspondence of the employees, which were kept in the regular course of business. These emails are consistent with the kinds of records that courts admit as business records. *See, e.g.*, *Kaiser*, 609 F.3d at 574-75 (finding taking notes of telephone conversations was a "regular practice" even though note-taker indicated that he wrote down only "highlights" and matters he thought "important" because "[a]

business record need not be mechanically generated" so long as it "was maintained in a consistent way and was focused on a certain range of issues that were relevant to [the] business").

At bottom, the purpose of the business records exception "is to ensure that documents were not created for personal purposes or in anticipation of any litigation so that the creator of the document had no motive to falsify the record in question." *Kaiser*, 609 F.3d at 574.  There are no such concerns here.  Rather, the challenged emails – brief, administrative communications intended to provide business-related information to Del Valle and allow him to take actions in response – have particular "indicia of trustworthiness" given that assistants conveying such information to their employer typically have no reason to lie and every incentive to be accurate. *See Williams*, 205 F.3d at 34.

Accordingly, assuming the Government lays the proper foundation for these emails, they will be admissible under Rule 803(6).  As such, Defendant's supplemental letter motion is denied without prejudice to renewal.

Alternatively, the Court agrees with the Government that any challenged email recounting approximately contemporaneous phone conversations are independently admissible as present sense impressions pursuant to Rule 803(1).  As relevant here, to be admissible on this basis a statement must (1) describe or explain an event; (2) that the declarant perceived; (3) during or immediately after the event.  *See* Fed. R. Evid. 803(1).  Statements in the challenged emails recounting contemporaneous phone conversations – including ones in which Defendant referred potential clients – satisfy each of those requirements.

As to the first requirement, such emails are limited to describing or explaining a particular event – specifically, calls during which certain information was conveyed to the declarant to be conveyed to Del Valle.  The statements in those emails also describe a conversation that the

assistant sending the email actually perceived, satisfying the second requirement. Further, it is apparent from the emails that they are largely contemporaneous with the phone calls that Del Valle's assistants received on his behalf, including from Defendant or his co-conspirator. Since the emails were sent shortly after the calls they recount, they likewise satisfy the contemporaneity requirement. For example, GX-701-E-022 states, in relevant part, "Dionicio's wife called asking if you left something for her to pick up today." Dkt. No. 72 at 6. Similarly, GX-701-E-028 states, in relevant part, "Dionicio has a new case to refer and asked that you call him back ASAP." *Id.*

Such messages, which seek a timely action or response from Del Valle, only make sense if sent shortly after a call was received. Moreover, these emails conveyed information that one would not reasonably expect Del Valle's assistants to know independently, such as case information for new potential clients. *See* Dkt. No. 70 at 3 ("Her husband was arrested by the DEA yesterday"). As such, they are precisely the kind of emails that come within the ambit of Rule 803(1). *See United States v. Ferber*, 966 F. Supp. 90, 99 (D. Mass. 1997) (finding that an email prepared shortly after a phone call that summarized the call qualified as a present sense impression). Accordingly, any challenged emails recounting approximately contemporaneous phone conversations are separately admissible pursuant to Rule 803(1).

Accordingly, the Court hereby

**ORDERS** that Defendant's supplemental motion *in limine* (Dkt. No. 70) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 1, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge